# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA

Criminal case: 1:01-CR-31-1 -mH5

UNITED STATES OF AMERICA,     :

          Plaintiff,     :

v.                     :

OSCAR FRONTERA,          :

          Defendant.     :

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JAN 2 4 2005

LUTHER D. THOMAS, Clerk
By: _____
Deputy Clerk

---

## DEFENDANT'S MOTION TO DISMISS THE INDICTMENT AND DEFENDANT'S MEMORANDUM BRIEF IN SUPPORT OF MOTION TO DISMISS THE INDICTMENT

COMES NOW, the Defendant, OSCAR FRONTERA, pro se, and respectfully moves this Honorable Court to issue an order dismissing, with prejudice, the indictment in the above captioned case, ordering the judgement of conviction vacated, or in the alternative, ordering an expedited hearing on these matters going to the jurisdiction of this court to have heard the case. And as just cause the defendant states and shows as follows:

1. The relevant investigating officer, Special deputy United States Marshal, William H. Putman, refused or willfully failed to qualify for his respective office by refusing to comply with Act(s) of Congress, that required this government officer "before taking office" to take the oath of office (Title 28 U.S.C. § 563 and Title 5 U.S.C. § 3331), and along with the affidavits required by law to be executed within 30 and 60 days from his appointment (Title 5 U.S.C. §§ 3332, 3333) himself deliver and (file) such to the House of Congress, agency, or court to which his office pertained. See Title 5 U.S.C. § 2906...Custody. See also U.S. v. Lombardo, 241 U.S. 73, 36 S.Ct. 508.

1

2. An Act of Congress is the law of the land, and law all federal officials are sworn to uphold whether they be in the judicial, legislative, or executive branches of government. See 28 U.S.C. § 563 (1988)(judicial); 2 U.S.C. §§ 21, 25 (1982)(legislative); 5 U.S.C. § 3331 (1982)(executive). (oaths of office)

3. By refusal or willful neglect to qualify for his office as Special Deputy U.S. Marshal for the Northern District of Georgia, his office (or position) was vacant at all relevant times in this matter.

4. Accordingly, for a failure to qualify for his respective position as officer of the United States government, and this failure to qualify creating a legal vacancy in his respective position, the subsequent acts of the government officer in this case, were without any legal force or effect, and the at issue indictment in this case invalid on its face, and in turn, this court without jurisdiction as there was no case or controversy before this court. United States v. Durham, 941 F2d at 891-92.

The government officer in this case, Special Deputy U.S. Marshal (ND Georgia), William H. Putman, acted beyond the scope of federal employment and outside the color of law. The officer represented himself as a "special agent" for the Federal Bureau of Investigations, whereas the officer never took the oath of office for a special agent or for any of the positions under the auspices of the Inspector General purview. Failure to take the oath of office creates a legal vacancy in that office or position and therefore the evidence gathered and the testimony provided in this case is lacking integrity and flaws the indictment by creating a prejudicial error(structural) in the defendant's criminal proceedings.

5.   The refusal or willful neglect to qualify for his appointed position as officer for the government transcends the criminal process and constitutes a structural defect in the defendants criminal proceedings and bringing into question whether the integrity of the Grand Jury was equaly safe in his hands.  Arizona v. Fulminante, 499 US 279, 310, 111 SCt 1246, 1265, 113 LEd2d 302 (1991)

6.   Judicial supervision of the administration of criminal justice in the federal courts implies a duty of establishing and maintaining civilized standards of procedure and evidence.  The refusal or willful neglect by this government officer to qualify himself for his position as Special Deputy United States Marshal, when such a refusal or willful neglect is in violation of Act(s) of Congress, certainly cannot be termed as civilized procedure.  See Wallace v. Christensen, 802 F2d 1539 (9th Cir. 1986).

WHEREFORE, for the aforestated reasons and in consideration of the facts and legal authority set forth within the defendant's memorandum brief, the defendant respectfully moves this Honorable Court to issue an order dismissing the indictment, with prejudice, ordering the judgement of conviction vacated, or in the alternative, ordering an expedited hearing on these matters, and issues going to this court's jurisdiction.

Date: 18 JANUARY, 2005

Respectfully submitted,

Oscar Frontera, 52027-019
Federal Correctional Institution
P.O. Box 1000
Loretto, PA 15940

3

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA

Criminal case: 1:01-CR-31-1

UNITED STATES OF AMERICA,       :

               Plaintiff,      :

v.                          :

OSCAR FRONTERA,          :

               Defendant.     :

---

### DEFENDANT'S MEMORANDUM BRIEF IN SUPPORT OF
### DEFENDANT'S MOTION TO DISMISS THE INDICTMENT

---

Defendant OSCAR FRONTERA, pro se, now submits in support of his Motion to Dismiss The Indictment, his Memorandum Brief.

I.   OATH(S) OF OFFICE (28 U.S.C. § 563 & 5 U.S.C. § 3331).

These statutes incorporated herein and marked as Exhibit A. Congress using plain language requiring all appointed officers, as well as all government and civil service employees to take an oath to execute faithfully their duties "before taking office". Title 28 U.S.C. § 563 and Title 5 U.S.C. § 3331 must be read that as a necessary condition, precedent to the exercise of authority as federal agents for the United States government, these officers of the government are required by Act(s) of Congress to take this Oath of Office and themselves deliver (file) such to the House of Congress, agency, or court to which their office pertains "before taking office". See Title 5 U.S.C. § 2906...Custody.

That statutory requirement was not met here by the agent for the United States government, William H. Putman, Special Deputy U.S. Marshal for the Northern District of Georgia.

1

WHEREAS, the Federal Agent deemings these Act(s) of Congress requiring him to take the oath of office and himself deliver (file) such to the court to which his office pertained "before taking office", as nothing more than "meaningless formalities", in United v. Pignatiello, 582 F.Supp. 251 (1984), Judge Richard Matsch's statement regarding these oaths of office, and their importance, is as follows:

> "There is sound policy support for requiring the oath of office. It solemnizes the appointment and sensitizes the appointed person to the obligations and limitations of the office. Additionally, it formulates the appointment and works an official notification that the appointed person represents the government of the United States in its prosecuting authority and binds that branch of government to the acts of the appointed individual in terms familiar to the law of the agency, the oath is evidence of actual authority of the attorney as agent and thereby avoids disputes which could be generated by reliance upon some apparent authority." Id., at 253.

The intent of Congress, regarding the oaths of office and the related affidavits, cannot be legally changed by these unilateral acts of government officers, the aforementioned federal agent. In fact, the Ninth Circuit Court of Appeals in Wallace v. Christensen, 802 F.2d 1539, specifically making reference to what would occur when, as here, officials cannot be trusted to carry out the very laws they are sworn to uphold. (see appendix, note 2). In discussing Title 5 U.S.C. §3331, (see appendix, note 3), the Ninth Circuit stating regarding the executive officials sworn duty to uphold this statute: "the most important assurance that the law will be followed lies in the dilligence and good faith of those administering it."..."the system would be gridlocked if executive officials could not be trusted to carry out the law whenever their actions escape judicial review." (see appendix, note 4). Id at 1558.

Returning to the holding of Judge Matsch in Pignatiello, "the oath is evidence of actual authority of the attorney as agent and

2

thereby avoids disputes which could be generated by reliance upon some apparent authority." (emphasis supplied). Here, by the refusal and willfull neglect by the government agent, William H. Putman, to take the oath of office "before taking office" there is a dispute as to whether this government official had any actual authority in regards to the defendant's criminal prosecution. (see appendix, note 5). An Act of Congress being the law of the land; and a refusal to comply with the very laws enacted by Congress to qualify for the position of Special Deputy United States Marshal prohibit any reliance on some apparent authority.  See United States v. Gurney, 393 F.Supp. 688 (1974)(special attorney appointed by AG's office executing and filing oath in court to which his office pertained).

II.  AFFIDAVIT(S)  (5 U.S.C. §§ 3332 & 3333).

Congress enacting 5 U.S.C. §3332 to assure the officer appointed did not receive or obtain the appointment or employment through any paid consideration.  As for 5 U.S.C. §3333 this Act of Congress requiring the affidavit as prima facie evidence that the officer's acceptance and holding of the office or employment does not or will not violate Title 5 U.S.C. §7311. (see appendix, note 6).

The plain and ordinary meaning of the wording of these Act(s) of Congress, in regards to the executing and filing of these affidavits in §§ 3332, 3333, is that there is to be no discretion in performing this duty. (see appendix, note 7).  And in regards to §3332, the affidavit to be filed with the oath of office required by §3331 within 30 days after the effective date of the appointment, (see appendix, note 8), and §3333 requiring this affidavit to be executed within 60 days after the officer accepting the office or employment.

These Act(s) of Congress, these statutes, willfully ignored by the agent for the government, William H. Putman; the court and offices to which his office pertained are devoid of any such affidavits, and these affidavits cannot be located at the respective main offices in Washington, D.C.. To wit, the Human Resources Division, the Investigative Services Division, as well as the Northern District of Georgia to which he was assigned in his capacity as Special Deputy United States Marshal.  See Exhibit B.

**ARGUMENT**

A. BECAUSE THE FEDERAL AGENT REFUSED OR WILLFULLY NEGLECTED
TO QUALIFY FOR HIS OFFICE OR EMPLOYMENT, THE INDICTMENT
IN THIS CASE, AND THE CRIMINAL PROCEEDINGS, ARE INVALID.

The appointment of the federal agent may have been a valid
appointment as required by the Appointment Clause, United States
Constitution, article II, § 2, cl. 2.  Yet, Congress enacted
statutes for which to qualify for their office, as Special Deputy
United States Marshal, were required by law "before taking office"
to execute and file the oath of office (Title 5 U.S.C. § 3331) and,
within 30 days of executing and filing this oath of office in the
court to which his office pertained, execute and file with the oath
of office the affidavit required by Title 5 U.S.C. § 3332. (see
appendix, note 9).  The federal agent, William H. Putman's
refusal or willful neglect to qualify for his respective position
created a legal vacancy in his office at all relevant times here.
(see appendix, note 10)

This legal vacancy in the Office of the United States Marshal
for the Northern district of Georgia rendered the defendant's
indictment invalid on it's face and this court never aquiring
jurisdiction over the defendant's case, as in addition to William
H. Putman's refusal to qualify for his office and employment as a
Special Deputy United States Marshal for the Northern District of
Georgia.

Refusing or willfully neglecting to execute and file with the
oath of office the affidavits required by these Act(s) of Congress
(Title 5 U.S.C. §§ 3332, 3333) did not follow the laws passed by
Congress and directly affects the jurisdiction of the court to
impose sentence in criminal proceedings.

1

In <u>United States v. Gantt</u>, 194 F.3d 987 (9th Cir. 1999), the Ninth Circuit Court of Appeals holding that an unconstitutional appointment of a United States Attorney would affect its jurisdiction to entertain a § 3731 appeal, it cautioned that such an appointment "would not generally affect the jurisdiction of the court so long as a proper representative of the government participated in the action...The constitutionality of §546(d) would not affect the validity of indictments, by contrast, as indictments need only be signed by 'an attorney for the government.'" <u>Id</u>. (quoting Fed.R. Crim.P. 7(c)(1). Here, the at issue indictment was based solely on the testimony of William H. Putman, whom, by refusing or willfully neglecting to qualify for his respective office and employment, was not an agent for the government and the defendant's indictment invalid on its face. See <u>U.S. v. Providence Journal Co.</u>, 485 U.S. 693, 108 S.Ct. 1502,1511, 99 L.Ed. 2d (1988)(court lacked jurisdiction unless a "proper representative of the government participated in the action.")

The lack of jurisdiction of the court shall be noticed by the court at any time during pendency of the proceedings. See Fed.R.Crim.P. 12(b)(2); WRIGHT, FEDERAL PRACTICE AND PROCEDURE: CRIMINAL SECOND 193 (2ed 1982). See also <u>United States v. Plesinski</u>, 912 F.2d at 763 (concluding there was no jurisdictional problem as the proceedings were initiated by and under control of a United States Attorney.

In this case, the record clearly indicates or confirms that the federal agent, William H. Putman, did not properly qualify for his respective office or position; thus, the defendant's criminal investigation was not under the control of a federal agent,

2

not withstanding the record also indicating or confirming that William H. Putman was not an "agent for the government." This fact unequivocably renders the defendant's indictment invalid on its fave, as William H. Putman was not an agent for the government, and his appearance and testimony before the Grand Jury in violation of Fed.R.Crim.P. 6(d). See also Midland Asphalt Corp. v. United States, 489 U.S. 794, 109 S.Ct. 1494, 103 L.Ed. 2d 879 (1989)(fundamental defect in indictment causes the indictment to no longer be an indictment); United States v. Fitzhugh, 78 F3d 1326, 1330 (8th Cir. 1996); United States v. Macklin, 523 F2d 193, 195 (2nd Cir. 1975)(court holding that extensions of a grand jury's term beyond that prescribed by law constituted a jurisdictional defect in the indictment).

B.  THE REFUSAL OR WILLFUL NEGLECT BY THIS OFFICER TO QUALIFY
    AS A SPECIAL DEPUTY UNITED STATES MARSHAL CREATED A
    STRUCTURAL DEFECT IN DEFENDANT'S CRIMINAL PROCEEDINGS.

In Arizona v. Fulminante, 499 U.S. 279, 310, 111 S.Ct. 1246, 1265, 113 L.Ed. 2d 302 (1991), the Supreme Court discussing what structural defects(s) in a criminal proceeding would implicate the "basic protections (without which) a criminal trial cannot reliably save its function as a vehicle for determination of guilt or innocence and no criminal punishment may be regarded as fundamentally fair." It is without question that a refusal or willful neglect to comply with Act(s) of Congress relating to statutes enacted by Congress going to procedures required to be performed by an officer(s) "before taking office" implicates these "basic protections" set forth above and within Fulminante.

3

On September 07, 2004, the defendant filed a Freedom of Information/Privacy Act request, asking for a copy of the oath of office affidavit of William H. Putman with the United States Marshals Service.

On October 14, 2004, the defendant received a reply to his inquiry. The response received by the defendant states as follow: "The requested documents were apparently destroyed once the special deputation expired, therefore there are no records responsive to your request." The lack of documents as to the appointment and authority of William H. Putman as Special Deputy United States Marshal brings into question his credibility, integrity, and authority; therefore creating a structural error in the defendant's indictment.

Structural errors call into question the very accuracy and reliability of the trial process and thus are not amenable to harmless error analysis, but require automatic reversal. <u>See</u> <u>McGurk v. Steinberg</u>, 163 F.3d 470 (8th Cir. 1998) <u>U.S. v. Mortimer</u>, 161 F.3d 240 (3rd Cir. 1998)

C. THE REFUSAL OR WILLFUL NEGLECT BY THIS OFFICER TO QUALIFY FOR HIS POSITION AS SPECIAL DEPUTY UNITED STATES MARSHAL RESULTED IN DUE PROCESS VIOLATIONS TO THE DEFENDANT.

Because of the refusal and willful neglect of Special Deputy United States Marshal, William H. Putman, to qualify for his office or position, he acted beyond the scope of federal employment and beyond the color of law. Without proper execution of the oath of office and the affidavits required to be filed along with it, William H. Putman was not legally authorized to obtain

4

warrants, make arrests, or testify in front of a grand jury. By doing so, William H. Putman created multiple due process violations. The guarantee of due process protects citizens against deliberate harm from government officials. See Baker v. McCollan, 61 L.Ed. 2d 433.

Misconduct by investigating law enforcement agents is indistinguishable from misconduct by prosecuting attorneys. U.S. v. Lorefice, 192 F3d 647 (7th Cir. 1999).

Under the circumstances of this case, and the refusal or willfull neglect of the federal agent, William H. Putman, to comply with the very statutes providing him with the actual authority to initiate criminal investigations and proceedings, brings into dispute as to whether the integrity of the grand jury was equally safe in his hands. (See appendix, note 11). Structural errors call into question the very accuracy and reliability of the trial process and thus are not amenable to harmless error analysis, but require automatic reversal. McGurk v. Steinberg, 163 F3d 470 (8th Cir. 1998), U.S. v. Mortimer, 161 F3d 240 (3rd Cir. 1998).

The federal agent, William H. Putman, was involved in a criminal investigation of the defendant in the year 2000 while acting under color of official title. At the very least, the federal agent's appointment to office should have been complete to avoid any constitutional violations to the defendant and to other citizens who may come under investigation by the agent for the government, William H. Putman. (See appendix, note 12).

Every public office is created in the interest and for the benefit of the people, and belongs to them; thus, a public

office is a public agency or trust created in the interest and for the benefit of the people. <u>Taylor v. Beckham</u>, 178 U.S. 548, 44 L.Ed. 1187, 20 S.Ct. 890. Such trust extends to all matters within the public range of the duties pertaining to the office. 63 Am.Jur. 2d, <u>Public officers and employees.</u> Congress may provide that certain acts shall be done by the appointee before he shall enter on the office under his appointment. When the person has performed such required condition, his title to enter on the possession of the office is also complete. <u>United States v. Le Baron</u>, 19 How 73, 15 L.Ed. 525.

The government agent should have completed his appointment by oath and himself filed an affidavit in accordance to Title 5 U.S.C. § 3331.

At this point in time, any oath of office affidavit of the federal agent presented to this Honorable Court with the agent's name and signature must be treated with suspicion by this Court. (See appendix, note 13).

Accordingly, the vacancy created in his respective office constitutes a structural defect in these criminal proceedings and this Honorable Court without jurisdiction in this case. Wherefore, the defendant, OSCAR FRONTERA, moves this Honorable Court to grant this motion. The defendant's indictment must be dismissed, with prejudice, and the judgement of conviction vacated. <u>See</u> <u>United States v. Kleinheider</u>, E.D. Missouri, 4:98-CR-264-ERW.

Date: 18 January, 2005

Respectfully submitted,

OSCAR FRONTERA, <u>Pro se</u>

## OATH OF OFFICE SCENARIO

TITLE 5 U.S.C.A. § 3331      OATH OF OFFICE

An individual, except the President, elected or appointed to an office of honor or profit in the civil service or uniformed services, shall take...oath...this section does not affect other oaths required by law.

(Pub.L. 89-554, Sept. 6, 1966, 80 Stat.424.)

TITLE 5 U.S.C.A. § 3332      OFFICER AFFIDAVIT

An officer, within 30 days after the effective date of his appointment, shall file with the oath of office required by section 3331 of this title an affidavit that neither he nor anyone acting in his behalf has given, transferred, promised, or paid any consideration for or in the expectation or hope or receiving assistance in securing the appointment.

(Pub.L. 89-554, Sept. 6, 1966, 80 Stat.424.)

TITLE 5 U.S.C.A. § 3333      EMPLOYEE AFFIDAVIT

(a) Except as provided by subsection (b) of this section, an individual who accepts office or employment in the Government of the United States or in the government of the District of Columbia shall execute an affidavit within 60 days after accepting the office...The affidavit is prima facie evidence that the acceptance and holding of office or employment by the affiant does not or will not violate section 7311 of this title.

(Pub.L. 89-554, Sept. 6, 1966, 80 Stat. 424.)

TITLE 5 U.S.C.A § 7311      LOYALTY AND STRILING

An individual may not accept or hold a position in the Government

of the United States or the government of the District of Columbia
if he--

> (1) advocates the overthrow of our constitutional form of
> government;
>
> (2) is a member of an organization that he knows advocates the
> overthrow of our constitutional form of government;
>
> (3) participates in a strike, or asserts the right to
> strike...

(Pub.L. 89-554, Sept. 6, 1966, 80 Stat. 424.)

## TITLE 28 U.S.C.A. § 561    UNITED STATES MARSHALS SERVICE

(c) The President shall appoint, by and with the advice and
consent of the Senate, a United States marshal for each judicial
district of the United States...Each United States marshal shall
be an official of the Service and shall serve under the direction
of the Director.

(f) The Director is authorized to appoint and fix the compensa-
tion of such employees as are necessary to carry out the powers
and duties of the Service and may designate such employees as law
enforcement officers in accordance with such policies and proce-
dures as the Director shall establish pursuant to the applicable
provisions of title 5 and regulations issued thereunder.
(Added Pub.L. 100-690, Title VII, § 7608(a)(1), Nov. 18, 1988,
102 Stat. 4512.)

## TITLE 28 U.S.C.A. § 563    OATH OF OFFICE

The Director and each United States marshal and law enforcement
officer of the Service, <u>before taking office</u>, shall take an oath
or affirmation to faithfully execute the duties of that office.
(Added Pub.L. 100-690, Title VII, § 7608(a)(1), Nov. 18, 1988,
102 Stat. 4513.)

TITLE 5 U.S.C.A. § 2906    OATH; <u>CUSTODY</u>

The oath of office taken by an individual under section 3331 of this title shall be delivered by him to, and preserved by, the House of Congress, agency, or court to which the office pertains. (Pub.L. 85-554, Sept. 6, 1966, 80 Stat. 412.)

These Statutes above exist as an indication of authority, not as a Limitation.  The person is devoid of authority, if that individual is in violation of the applicable statute.

<u>United States v. Pignatiello</u>, 582 F.Supp. 251 (D. Colo. 1984)

<u>United States v. Sklaroff</u>, 552 F2d 1156 (5th Cir. 1977)

<u>United States v. Kleinheider</u>, Case no: 98-CR-264-ERW, E.D. Missouri.

TITLE 5 U.S.C.A. § 2951    REPORTS OF THE OFFICE OF PERSONNEL

MANAGEMENT

That The appointing authority notify the Office of Personnel Management in writing of the following actions:...appointments and residence of appointee; separation during probation; transfer; resignation; removal.



U.S. Department of Justice

United States Marshals Service

*Office of General Counsel*

---

*Washington, DC 20530-1000*

OCT 1 2 2004

Oscar Frontera
Reg. No. 52027-019
FCI Loretto, POB 1000
Loretto, PA 15940

Re:     **Freedom of Information/Privacy Act Request No. 2004USMS7721
Subject of Request: Regarding William H. Putman**

Dear Mr. Frontera:

Pursuant to your request, the U.S. Marshals Service conducted a search of its records and files in the Human Resources Division, the Investigative Services Division, and the Northern District of Georgia for the requested documents relating to William H. Putman, who was a Special Deputy Marshal in the Northern District of Georgia. The requested documents were apparently destroyed once the special deputation expired, therefore there are no records responsive to your request.

If you are dissatisfied with my action on this request, you may appeal this partial denial by writing to the Co-Director, Office of Information and Privacy, United States Department of Justice, Flag Building, Suite 570, Washington, D.C. 20530, within 60 days of the date of this letter. Both the letter and the envelope should be clearly marked "Freedom of Information/ Privacy Act Appeal." In the event you are dissatisfied with the results of any such appeal, judicial review will thereafter be available to you in the United States District Court for the judicial district in which you reside or have your principal place of business, or in the District of Columbia.

Sincerely,

*Margaret Woods*

**ARLETA B. CUNNINGHAM**
**Acting FOI/PA Officer**
**Office of General Counsel**

From: Oscar Frontera
Reg#: 52027-019
FCI Loretto
P.O. Box 1000
Loretto, PA 15940

To: United States Marshals Service
FOIA/PA Officer
Office of General Counsel
Suite 1250, 600 Army Navy Drive
Department of Justice
Arlington, VA 22202-4210

RE: <u>REQUEST FOR OFFICER AFFIDVIT,
EMPLOYEE AFFIDAVIT, OATH OF OFFICE</u>

Dear Sir/Madam:

This letter constitutes my request for disclosure of all information contained within your files or under control of your Agency pursuant to both the Freedom of Information and Privacy Acts, (Title 5 U.S.C.A. §§ 552 & 552a).

I am requesting copy(s) of the Officer Affidavit (Title 5 U.S.C.A. § 3332), Employee Affidavit (Title 5 U.S.C.A. § 3333), along with the Oath of Office (Title 5 U.S.C.A. § 3331) on file for the following person:

1. <u>William H. Putman</u>, Special Deputy United States Marshal, Northern District of Georgia.

Should the above listed person be currently unemployed, retired relocated, etc..., please send the documents on file for that person, relative to when he worked in the Northern District of Georgia.

Please issue a Certificate of Non-Existence if the person is without the three required documents on file. Pursuant to the provisions of the FOIA/PA to permit me maximum access to these records within **10 working days** after receipt by you of this request, this letter is hereby submitted.

Should any delay occur, please be advised you are required to inform me of this delay as provided by Agency regulations, and the date of when your Agency will be able to act upon this request.

In the event you dishonor this request, said dishonor will be **"accepted for value"** and the presumption shall be that the required documents were not timely filed in accordance with the stated statutes therefore leaving a vacancy for that office.

Please acknowledge receipt hereof and forward the documents requested within the statutory period as time is of essence.

Respectfully submitted.

Oscar Frontera

**APPENDIX**

<u>NOTE</u>

1. See Title 5 U.S.C.A. §§ 3332, 3333.

2. Refusing to take the oath of office and himself delivering such to the court to which his office pertains "<u>before taking office</u>".

3. Also discussing Title 28 U.S.C.A. § 563 and Title 2 U.S.C.A. §§ 21, 25.

4. This court wrongly assuming the federal agent having carried out the law and executing and filing his oath.

5. Of course, not only did Special Deputy U.S. Marshal, William H. Putman initiate a criminal investigation he was not legally authorized to undergo, but was before the Grand Jury testifying as an agent of the U.S. government. If he failed to qualify for his respective position by refusing to execute and file his oath and affidavits, neither did he have any actual authority to participate in the defendant's prosecution.

6. This statute set forth within <u>EXHIBIT A</u>.

7. Congress incorporating the word "shall" in these statutes; "shall" defined as "having a duty to, or more broadly, required to." Black's Law Dictionary, 7th Ed. pg. 1379.

8. The appointment to the office effective upon the executing and filing of the oath of office.

9. See Title 5 U.S.C.A. § 2906...Custody.

10. Black's Law Dictionary, 7th Ed., pg(s). 1253-54, defining "qualification" as: "The possession of qualities or properties inherently or legally necessary to make one eligible for a position or office, or to perform a public duty or function".

11. Here, the appointment valid, but a failure to qualify created a legal vacancy in the Office of the United States Marshals.

12. A failure to qualify as an agent for the government presents a jurisdictional problem for any criminal proceeding in which Special Deputy U.S. Marshal William H. Putman might have been involved in.

13. The refusal or willful neglect to execute and file the required affidavits under Title 5 U.S.C.A. §§ 3332, 3333, also indicates the possibility of this officer's conflict(s) with these statutes.

**ATTESTATION**

**MOTION TO DISMISS THE INDICTMENT AND MEMORANDUM BRIEF
IN SUPPORT OF MOTION TO DISMISS THE INDICTMENT**

UNITED STATES DISTRICT COURT    )
                                   )   ss.

COMES NOW, the defendant, OSCAR FRONTERA, in the above entitled

action, and states under oath and penalties of perjury that the

allegations contained in the foregoing motion and memorandum

brief, wherein he is the Defendant, and the United States of

America, etc., are joined as Plaintiffs, are the truth according

to his best knowledge, information, and belief.


IN WITNESS WHEREOF, he has signed his name herto this _18_ th

day of _JANUARY_ , 2005.



OSCAR FRONTERA
Plaintiff, <u>Pro Se</u>

## CERTIFICATE OF SERVICE

I hereby certify that I have mailed an original and copy(s) of the attached Motion to Dismiss the Indictment and Memorandum Brief in Support by first-class mail, postage pre-paid to the following:

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
Luther D. Thomas, District Clerk
2211 U.S. COurthouse
75 Spring St., S.W.
Atlanta, GA 30303

OFFICE OF THE UNITED STATES ATTORNEY
William J. Traynor, AUSA
600 U.S. Courthouse
75 Spring St., S.W.
Atlanta, GA 30303

AND, deposited same in the U.S. Mail by placing it in the Institution's legal mail box for inmates to be forwarded on 18 th day of January , 2005.


OSCAR FRONTERA, Pro Se