ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

APR 27 2005

LUTHER D. THOMAS, Clerk
By: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal Indictment |
| v. | ) | 1:01-CR-0031-MHS |
| | ) | |
| OSCAR FRONTERA | ) | |

### RESPONSE OF THE UNITED STATES
### OPPOSING DEFENDANT'S MOTION TO VACATE SENTENCE

Defendant pleaded guilty to attempting to entice a minor to engage in unlawful sexual activity and possessing child pornography transmitted in interstate commerce. Defendant pleaded guilty pursuant to a plea agreement in which he waived his right to appeal or collaterally attack his conviction and sentence. On July 17, 2003, this Court sentenced defendant to a prison term of 41 months. Defendant now files an untimely collateral attack on his conviction. Defendant's motion should be denied because it is untimely and he waived the right to file it.

**I.    FACTS**

On January 10, 2001, the Grand Jury for the Northern District of Georgia issued a three-count indictment that charged defendant with (1) attempting to send

obscene material to a minor, in violation of 18 U.S.C. § 1470, (2) using a computer to attempt to entice a minor to engage in unlawful sexual activity, in violation of 18 U.S.C. § 2422(b), and (3) knowingly possessing child pornography transmitted in interstate commerce, in violation of 18 U.S.C. § 2252A(a)(5)(B).

On November 19, 2001, defendant entered a negotiated plea of guilty to counts 2 and 3.

On July 17, 2003, the Court sentenced defendant to 41 months' imprisonment on each count, with the sentences to run concurrently, and 3 years' supervised release. Defendant's conviction and sentence became final on July 31, 2004, which was the deadline for him to file a notice of appeal.[1]

On January 24, 2005, defendant filed a motion to dismiss the indictment in his case, which the Court has construed to be a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. On April 1, 2005, the Court directed the United States to respond to the motion by May 2, 2005.

---

[1] Federal Rules of Appellate Procedure 4(b)(1)(A)(i) & 26(a)(2); *Griffith v. Kentucky*, 479 U.S. 314, 321 n. 6 (1987)(conviction is final from the latest of: the entry of the judgment of conviction; when all avenues for appeal are exhausted; and/or the time for petition of certiorari has elapsed).

## II. THE STATUTE OF LIMITATIONS BARS DEFENDANT'S UNTIMELY MOTION

Defendant's collateral attack on his conviction is barred by the one-year statute of limitations that governs all habeas corpus petitions in federal court. Accordingly, defendant's motion should be denied.

The Antiterrorism and Effective Death Penalty Act (AEDPA) sets a one-year statute of limitations on all habeas corpus petitions. 28 U.S.C. § 2255; *Drew v. Department of Corrections*, 297 F.3d 1278, 1283 (11th Cir. 2002), *cert. denied*, 537 U.S. 1237 (2003); *Akins v. United States*, 204 F.3d 1086 (11th Cir.), *cert. denied*, 531 U.S. 971 (2000). A prisoner can extend the limitations period by showing that an "unconstitutional impediment" prevented him from filing a timely motion. 18 U.S.C. § 2255(2); *Akins*, 204 F.3d at 1090. The Eleventh Circuit also recognizes the doctrine of the "equitable tolling" of the statute of limitations, but requires that a prisoner bears the burden of proving the extreme circumstances that establish his entitlement to this "extraordinary remedy." *Drew*, 297 F.3d at 1278. Defendant Frontera cannot invoke either the "unconstitutional impediment" or the "equitable tolling" doctrines to save his untimely attacks on his conviction and, therefore, his motion should be denied.

Defendant filed this motion 18 months after his conviction and sentence became final. Defendant has offered no explanation for this extended period of inactivity. By operation of law, the statute of limitations extinguished all of his attacks on his conviction six months before he filed this motion. Moreover, defendant does not claim that an unconstitutional impediment prevented him from filing a timely motion, and he has not claimed that he acted "with diligence, and the untimeliness of the filing must be the result of circumstances beyond his control." *Drew*, 297 F.3d at 1286-87. Defendant cannot invoke "unconstitutional impediment" or "equitable tolling" to prevent the statute of limitations from barring this motion, and, therefore, defendant's motion should be denied.

## III. DEFENDANT'S MOTION SHOULD BE DENIED BECAUSE HE WAIVED HIS RIGHT TO FILE A COLLATERAL ATTACK ON HIS CONVICTION AND SENTENCE

Defendant knowingly and voluntarily waived his right to collaterally attack his sentence and conviction in his plea agreement. Paragraph 8 of defendant's plea agreement states the following:

> 8. LIMITED WAIVER OF APPEAL: To the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal his

sentence and the right to collaterally attack his sentence in any post-conviction proceeding on any ground, except that the defendant may file a direct appeal of an upward departure from the otherwise applicable sentencing guideline range. The defendant understands that this Plea Agreement does not limit the United States's right to appeal, but if the United States appeals the sentence imposed, the defendant may also file a direct appeal of his sentence.

Doc. 32, ¶ 8. The Court reviewed this plea agreement with defendant before it accepted his plea, and defendant has never challenged the validity of his plea agreement.

A plea agreement is a contract between the United States and a criminal defendant. *United States v. Howle*, 166 F.3d 1166, 1168 (11th Cir. 1999). The United States, like a criminal defendant, is entitled to the benefit that it bargained for and obtained in a plea agreement -- such as the benefit of not having to burden the Court with adjudicating meritless habeas corpus petitions. *United States v. Buchanan*, 131 F.3d 1005, 1008 (11th Cir. 1997).

When a defendant challenges the constitutionality of his conviction or sentence after having waived the right to do so in a plea agreement, "the right to mount a collateral attack pursuant to 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver." *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999). The defendant's pending motion makes no claims or attacks contesting the validity of his appeal waiver, but instead, it focuses entirely on the arresting agent's oath of office. Defendant, however, has waived his right to bring these claims in a collateral attack and, therefore, his motion should be denied.

## IV.  CONCLUSION

The United States has not responded to the substance of defendant's claims because his attack on his conviction is time-barred and barred by the appeal waiver in his plea agreement. The United States will address the substance of

//

//

//

//

//

defendant's complaints about the arresting agent's oath of office, should the Court desire additional briefing in this matter. Otherwise, defendant's motion should be denied.

Date: April 27, 2005

Respectfully submitted,

DAVID E. NAHMIAS
UNITED STATES ATTORNEY

WILLIAM G. TRAYNOR
ASSISTANT U.S. ATTORNEY
Georgia Bar Number 716634
600 United States Courthouse
75 Spring Street, S.W.
Atlanta, Georgia 30303
404/581-6000
404/581-6181 (fax)

## CERTIFICATE OF SERVICE

This is to certify that on this day I have served upon the following person copies of the foregoing document by causing a copy to be deposited in the United States mail addressed as follows:

> Oscar Frontera
> Inmate No. 52027-019
> Federal Correctional Institution
> PO Box 1000
> Loretto, PA 15940
>
> Regina Cannon Stephenson
> Federal Public Defender Program
> 100 Peachtree St., NW, Suite 1700
> Atlanta, GA 30303

This 27th day of April, 2005.

WILLIAM G. TRAYNOR
ASSISTANT U.S. ATTORNEY