**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**

OSCAR FRONTERA,                    )
              Movant,              )    Civil Case No: _____
                                   )
v.                                 )    Crim. Case No: 1:01-CR-31-1-MHS
                                   )
UNITED STATES OF AMERICA,          )    **MOTION FOR RELIEF FROM JUDGMENT**
              Respondent.          )    **PURSUANT TO FRCP 60(b)(4)**
_____)

COMES NOW, THE Movant, OSCAR FRONTERA, pro se, and respectfully moves this Honorable Court to issue an order for relief from judgment in his criminal case pursuant to the provisions of Federal Rule of Civil Procedure 60(b)(4). The sentencing court did not have subject-matter jurisdiction to hear the case because the relevant investigating agent in the matter was not duly authorized. He failed to qualify for his position by refusing or failing to file the proper oath of office. Movant was denied his Due Process Rights under the Fifth Amendment to the Constitution.

This Court has jurisdiction on this matter by virtue of Federal Rule of Civil Procedure 60(b)(4). There are no time restrictions.

WHEREFORE, for the aforestated reasons and in consideration of the facts and legal authority set forth within the Movant's Memorandum Brief, the Movant respectfully moves this Honorable Court to issue an order for relief from Judgment, and ordering the judgment of conviction reversed.

DATE: This 10th day of July, 2006.

OSCAR FRONTERA, pro se
BOP NO: 52027-019
29 Wolf Pen Path
Dallas, Georgia 30157

OSCAR FRONTERA,                          )
                        Movant,          )  Civil Case No: _____
                                         )
v.                                       )  Crim. Case No: 1:01-CR-31-1-MHS
                                         )
UNITED STATES OF AMERICA,                )  MEMORANDUM IN SUPPORT OF MOTION
                        Respondent.      )  FOR RELIEF FROM JUDGEMENT
_____)       PURSUANT TO FRCP 60 (b)(4)

Movant, OSCAR FRONTERA, pro se, now submits in support of

his Motion for Relief From Judgment, his Memorandum Brief.

I.   OATH(S) OF OFFICE (28 U.S.C. § 563 & 5 U.S.C. § 3331).

These statutes incorporated herein and marked as Exhibit A.

Congress using plain language requiring all appointed officers, as

well as all government and civil service employees to take an oath

to execute faithfully their duties "before taking office". Title

28 U.S.C. § 563 and Title 5 U.S.C. § 3331 must be read that as a

necessary condition, precedent to the exercise of authority as

federal agents for the United States government, these officers of

the government are required by Act(s) of Congress to take this

Oath of Office and themselves deliver (file) such to the House of

Congress, agency, or court to which their office pertains "before

taking office". See Title 5 U.S.C. § 2906...Custody.

That statutory requirement was not met here by the agent for

the United States government, William H. Putman, Special Deputy

U.S. Marshal.

Whereas, the federal agent deeming these Act(s) of Congress

requiring him to take the oath of office and himself deliver

(file) such to the court to which his office pertained "before

taking office", as nothing more than "meaningless formalities",
in United v. Pignatiello, 582 F.Supp. 251 (1984), Judge Richard
Matsch's statement regarding these oaths of office, and their
importance, is as follows:

> "There is sound policy support for requiring the oath
> of office. It solemnizes the appointment and sensitizes
> the appointed person to the obligations and limitations
> of the office. Additionally, it formulates the
> appointment and works an official notification that the
> appointed person represents the government of the United
> States in its prosecuting authority and binds that
> branch of government to the acts of the appointed
> individual in terms familiar to the law of the agency,
> the oath is evidence of actual authority of the attorney
> as agent and thereby avoids disputes which could be
> generated by reliance upon some apparent authority." Id.
> at 253.

The phrase "before taking office" in Title 28 U.S.C. § 563
makes it clear and unambiguous that a government officer must
comply with the intent of Congress, and to do otherwise would be
contrary to the clear import of the statute.

In any case turning on statutory interpretation, our goal is
to ascertain the intent of Congress. Stiltner v. Beretta U.S.A.
Corp., 74 F.3d 1473, 1482 (4th Cir. 1996), and "must begin with
the language of the statute." United States v. Sheek, 990 F.2d
150, 152 (4th Cir. 1993). If the language is plain and
unambiguous, we look no further. See United States v. Ron Pairs
Enters Inc., 489 U.S. 235, 240-41, 109 S.Ct. 1026, 1029-30 (1989).

Title 28 U.S.C. § 563 is unambiguous on its face. To this
end, where, as here, the text of the statute embodies explicit
language and does not contrast a clearly expressed legislative
intent, hence, the inquiry is complete and the plain language
controls. See United States v. Turkett, 101 S.Ct. 2524, 2527
(1981).

The intent of Congress, regarding the oaths of office and the related affidavits, cannot be legally changed by these unilateral acts of government officers, the aforementioned federal agent. In fact, the Ninth Circuit Court of Appeals in <u>Wallace v. Christensen</u>, 802 F.2d 1539, specifically making reference to what would occur when, as here, officials cannot be trusted to carry out the very laws they are sworn to uphold. (See Appendix, note 1). In discussing Title 5 U.S.C. § 3331, (See Appendix, note 2), the Ninth Circuit stating regarding the executive officials sworn duty to uphold the statute: "the most important assurance that the law will be followed lies in the dilligence and good faith of those administering it."..."the system would be gridlocked if executive officials could not be trusted to carry out the law whenever their actions escape judicial review." (See Appendix, note 3). <u>Id</u> at 1558.

Returning to the holding of Judge Matsch in <u>Pignatiello</u>, "the oath is evidence of <u>actual authority</u> of the attorney as agent and thereby avoids disputes which could be generated by reliance upon some apparent authority." (emphasis supplied). Here by the refusal and willful neglect by the government agent to take the oath of office "<u>before taking office</u>", there is a dispute as to whether this government official had any actual authority in regards to the Movant's criminal prosecution. (See Appendix, note 4). An Act of Congress is the law of the land, and law all federal officials are sworn to uphold whether they be in the judicial, legislative, or executive branches of government. <u>See</u> 28 U.S.C. § 563 (1988) (judicial); 2 U.S.C. §§ 21, 25 (1982)(legislative); 5 U.S.C. § 3331 (1982)(executive).

A refusal to comply with the very laws enacted by Congress to qualify for the position of Special Deputy U.S. Marshal prohibit any reliance on some apparent authority. See United States v. Gurney, 393 F.Supp. 688 (1974)(special attorney appointed by AG's office executing and filing oath in court to which his office pertained).

II. AFFIDAVIT(S) (5 U.S.C. §§ 3332 & 3333).

Congress enacting 5 U.S.C. § 3332 to assure the officer appointed did not receive or obtain the appointment or employment through any paid consideration. As for 5 U.S.C. § 3333 this Act of Congress requiring the affidavit as prima facie evidence that the officer's acceptance and holding of the office or employment does not or will not violate Title 5 U.S.C. § 7311. (See Appendix, note 5).

The plain and ordinary meaning of the wording of these Act(s) of Congress, in regards to the executing and filing of these affidavits in §§ 3332, 3333, is that there is to be no discretion in performing this duty. (See Appendix, note 6). And in regards to § 3332, the affidavit to be filed with the oath of office required by § 3331 within 30 days after the effective date of the appointment, (See Appendix, note 7), and § 3333 requiring this affidavit to be executed within 60 days after the officer accepting the office or employment.

By refusal or willful neglect to qualify for his office as Special Deputy United States Marshal for the Northern District of Georgia, his office (or position) was vacant at all relevant times in this matter.

-4-

These Act(s) of Congress, these statutes, willfully ignored by the agent for the government, William H. Putman; the court and offices to which his office pertained are devoid of any such affidavits, and these affidavits cannot be located at the respective main offices in Washington, D.C.. To wit, the Human Resources Division, the Investigative Services Division, as well as the Northern District of Georgia to which he was assigned in his capacity as Special Deputy United States Marshal. **See Exhibit B.**

## ARGUMENT

A. BECAUSE THE FEDERAL AGENT REFUSED OR WILLFULLY NEGLECTED TO QUALIFY FOR HIS OFFICE OR EMPLOYMENT, THE INDICTMENT IN THIS CASE, THE CRIMINAL PROCEEDINGS AND JUDGMENT ARE INVALID.

The appointment of the federal agent may have been a valid appointment as required by the Appointment Clause, United States Constitution, article II, § 2, cl. 2. Yet, Congress enacted statutes for which to qualify for their office, as Special Deputy U.S. Marshal, were required by law "before taking office" to execute and file the oath of office (Title 5 U.S.C. § 3331) and, within 30 days of executing and filing this oath of office in the court to which his office pertained, execute and file with the oath of office the affidavit required by Title 5 U.S.C. § 3332. (See Appendix, note 8).

The relevant investigating officer, William H. Putman, refused or willfully failed to qualify for his respective office by refusing to comply with Act(s) of Congress, that required this officer "before taking office" to take the oath of office (Title 28 U.S.C. § 563 and Title 5 U.S.C. § 3331), and along with the affidavits required by law to be executed within 30 and 60 days

-5-

from his appointment (Title 5 U.S.C. §§ 3332, 3333) himself deliver and (file) such to the House of Congress, agency, or court to which his office pertained. See Title 5 U.S.C. § 2906...Custody. See also U.S. v. Lombardo, 241 U.S. 73, 36 S.Ct. 508.

The federal agent's refusal or willful neglect to qualify for his respective position created a legal vacancy in his office at all relevant times here. (See Appendix, note 9).

This legal vacancy in the Office of the United States Marshals for the Northern District of Georgia rendered the Movant's indictment invalid on it's face and the sentencing court never acquiring jurisdiction over the Movan't case, as in addition to William H. Putman's refusal to qualify for his office and employment as a Special Deputy United States Marshal for the Northern District of Georgia.

Refusing or willfully neglecting to execute and file with the oath of office the affidavits required by these Act(s) of Congress (Title 5 U.S.C. § 3332, 3333) did not follow the laws passed by Congress and directly affects the jurisdiction of the court to impose sentence in criminal proceedings. In United States v. Gantt, 194 F.3d 987 (9th Cir. 1999), the Ninth Circuit Court of Appeals holding that an unconstitutional appointment of a United States Attorney would affect its jurisdiction to entertain a § 3731 appeal, it cautioned that such an appointment "would not generally affect the jurisdiction of the court so long as a proper representative of the government participated in the action...The constitutionality of § 546(d) would not affect the validity of indictments, by contrast, as indictments need only be signed by

-6-

'an attorney for the government.'" Id. (quoting Fed.R.Crim.P. 7(c)(1). Here, the at issue indictment was based solely on the testimony of William H. Putman, whom, by refusing or willfully neglecting to qualify for his respective office and employment, was not an agent for the government and the Movant's indictment invalid on its face. See U.S. v. Providence Journal Co., 485 U.S. 693, 108 S.Ct. 1502, 1511, 99 L.Ed.2d (1988)(court lacked jurisdiction unless a "proper representative of the government participated in the action.")

The lack of jurisdiction of the court shall be noticed by the court at any time during pendency of the proceedings. See Fed.R.Crim.P. 12(b)(2); WRIGHT, FEDERAL PRACTICE AND PROCEDURE: CRIMINAL SECOND 193 (2ed 1982). See also United States v. Plesinski, 912 F.2d at763 (concluding there was no jurisdictional problem as the proceedings were initiated by and under control of a United States Attorney).

In this case, the record clearly indicates or confirms that the federal agent did not properly qualify for his respective office or position; thus, the Movant's criminal investigation was not under the control of a federal agent, not withstanding the record also indicating or confirming that William H. Putman was not an "agent for the government." This fact unequivocally renders the Movant's indictment invalid on its face, as William H. Putman was not an agenty for the government, and his appearance and testimony before the Grand Jury in violation of Fed.R.Crim.P. 6(d). See also Midland Asphalt Corp. v. United States, 489 U.S. 794, 109 S.Ct. 1494, 103 L.Ed.2d 879 (1989)(fundamental defect in indictment causes indictment to no longer be an indictment;

-7-

United States v. Fitzhugh, 78 F.3d 1326, 1330 (8th Cir. 1996);
United States v. Macklin, 523 F.2d 193, 195 (2nd Cir. 1975)(court
holding that extensions of a grand jury's term beyond that
prescribed by law constituted a jurisdictional defect in the
indictment).

B.   THE REFUSAL OR WILLFUL NEGLECT BY THIS OFFICER TO QUALIFY
     AS A SPECIAL DEPUTY UNITED STATES MARSHAL CREATED A STRUCTURAL
     DEFECT IN MOVANT'S CRIMINAL PROCEEDINGS.

In Arizona v. Fulminante, 499 U.S. 279, 310, 111 S.Ct. 1246,
1265, 113 L.Ed.2d 302 (1991), the Supreme COurt discussing what
structural defect(s) in a criminal proceeding would implicate the
"basic protections (without which) a criminal trial cannot
reliably save its function as vehicle for determination of guilt
or innocence and no criminal punishment may be regarded as
fundamentally fair." It is without question that a refusal or
willful neglect to comply with Act(s) of Congress relating to
statutes enacted by Congress going to procedures required to be
performed by an officer(s) "before taking office" implicates these
"basic protections" set forth above and within Fulminante.

Accordingly, for a failure to qualify for his respective
position as officer of the United States government, and this
failure to qualify creating a legal vacancy in his respective
position, the subsequent acts of the government officer in this
case were without any legal force or effect, and the at issue
indictment in this case invalid on its face and, in turn, the
sentencing court without jurisdiction as there was no case or
controversy before the court. United States v. Durham, 941 F.2d at
891-92.

The government officer in this case, Special Deputy U.S. Marshal William H. Putman, acted beyond the scope of federal employment and outside the color of law. The officer represented himself as a "special agent" for the Federal Bureau of Investigations, whereas the officer never took the oath of office for a special agent or for any of the positions under the auspices of the Inspector General purview. Failure to take the oath of office creates a legal vacancy in that office (or position) and therefore the evidence gathered and the testimony provided in this case is lacking integrity and flaws the indictment by creating a prejudicial error (structural) in the Movant's criminal proceedings.

On September 07, 2004, the Movant filed an FOIA request asking for a copy of the oath of office affidavit of William H. Putman with the United States Marshals Service.

On October 14, 2004, the Movant received a reply to his inquiry. The response received by the Movant states as follow:

"The requested documents were apparently destroyed once the special deputation expired, therefore there are no records responsive to your request."

The lack of documents as to the appointment and authority of William H. Putman as Special Deputy U.S. Marshal brings into question his credibility, integrity, and authority; therefore creating a structural error in the Movant's indictment.

Structural errors call into question the very accuracy and reliability of the trial process and thus are not amenable to harmless error analysis, but require automatic reversal. See McGurk v. Steinberg, 163 F.3d 470 (8th Cir. 1998)

U.S. v. Mortimer, 161 F.3d 240 (3rd Cir. 1998).

C. THE REFUSAL AND WILLFUL NEGLECT OF THIS OFFICER TO QUALIFY FOR HIS POSITION AS SPECIAL DEPUTY UNITED STATES MARSHAL RESULTED IN DUE PROCESS VIOLATIONS TO THE MOVANT.

Because of the refusal and willful neglect of Special Deputy U.S. Marshal, William H. Putman, to qualify for his office or position, he acted beyond the scope of federal employment and beyond the color of law. Without proper execution of the oath of office and the affidavits required to be filed along with it, William H Putman was not legally authorized to obtain warrants, make arrests, or testify in front of a grand jury. By doing so, he created multiple due process violations. The guarantee of due process protects citizens against deliberate harm from government officials. See Baker v. McCollan, 61 L.Ed.2d 433.

Misconduct by investigating law enforcement agents is indistinguishable from misconduct by prosecuting attorney. U.S. v. Lorefice, 192 F.3d 647 (7th Cir. 1999).

Under the circumstances of this case, and the refusal or willful neglect of the federal agent to comply with the very statutes providing him with te actual authority to initiate criminal investigations and proceedings, brings into dispute as to whether the integrity of the grand jury was equally safe in his hands. (See Appendix, note 10). Structural errors call into question the very accuracy and reliability of the trial process and thus are not amenable to harmless error analysis, but require automatic reversal. McGurk v. Steinberg, 163 F.3d 470 (8th Cir. 1998), U.S. v. Mortimer, 161 F.3d 240 (3rd Cir. 1998).

-10-

The federal agent, William H. Putman, was instrumental in the initiation of a criminal investigation of the Movant in the year 2000 while acting under **color of official title**. At the very least, the federal agent's appointment to office should have been complete to avoid any constitutional violations to the Movant and to other citizens who may have come under investigation by the agent for the government, William H. Putman. (See Appendix, note 11).

Every public office is created in the interest and for the benefit of the people, and belongs to them; thus, a public office is a public agency or trust created in the interest and for the benefit of the people. Taylor v. Beckham, 178 U.S. 548, 44 L.Ed. 1187, 20 S.Ct. 890. Such trust extends to all matters within the public range of the duties pertaining to the office. 63 Am.Jur.2d, Public officers and employees. Congress may provide that certain acts shall be done by the appointee before he shall enter on the office under his appointment. When the person has performed such required condition, his title to enter on the possession of the office is also complete. Unite States v. Le Baron, 19 How 73, 15 L.Ed. 525.

Judicial supervision of the administration of criminal justice in the federal courts implies a duty of establishing and maintaining civilized standards of procedure and evidence. The refusal or willful neglect by this government officer to qualify himself for his position as Special Deputy U.S. Marshal, when such a refusal or willful neglect is in violation of Act(s) of Congress, certainly cannot be termed as civilized procedure. See

See Wallace v. Christensen, 802 F.2d 1539 (9th Cir. 1986).

The government agent should have completed his appointment by oath and himself filed an affidavit in accordance to Title 5 U.S.C. § 3331. In this case, by not qualifying for his office, the Special Deputy U.S. Marshal created a legal vacancy in his office, therefore creating a lack of jurisdiction in the district court. This in turn created a lack of jurisdiction by the district court to sentence the Movant. Where a sentencing of jurisdictional proportions occurs, courts have expressly recognized that neither cause or prejudice need be shown. See Howard v U.S., 374 F.3d 1068 (11th Cir. 2004); Harris v. United States, 149 F.3d 1304, 1308-09 (11th Cir. 1998); Jones v. United States, 224 F.3d 1251, 1259-60 (11th Cir. 2000); also see United States v. Broce, 488 U.S. 563, 569 (1989)(holding that "where on the face of the record the court had no power to...impose the sentence.)

At this point in time, any oath of office affidavit of the federal agent presented to this Honorable Court with the agent's name and signature must be treated with suspicion by this Court. (See Appendix, note 12).

Accordingly, the vacancy created in his respective office constitutes a structural defect in the Movant's criminal proceedings and this Honorable Court without jurisdiction in this case.

This Court has jurisdiction on this matter by virtue of Fed.R.Civ.P. 60(b)(4). There are no time limitations to obtain relief from judgement under Rule 60 (b)(4).

Rule 60 (b) of the Federal Rules of Civil Procedure,

authorizes discretionary judicial revision of judgments in some listed situations;

(b)(1) mistake, inadvertence, surprise, or excusable neglect; (b)(2) newly discovered evidence...; (b)(3) fraud...; (b)(4) judgment is void; (b)(5) the judgment has been satisfied...; (b)(6) any other reason justifying relief....

Rule 60 (b) reflects and confirms the court's own inherent and discretionary power, firmly established in English practice..., to set aside a judgment whose enforcement would work inequity... Plaut v. Spendthrift Farm, 514 U.S. 211, 115 S.Ct. 1447, 131 L.Ed.2d 328; Dugan v. Singletary, 129 F.3d 1424 (11th Cir. 1997); Rivera v. Allin, 144 F.3d 719 (11th Cir. 1998); Raven v. Oppenheimer & Co., Inc., 74 F.3d 239 (11th Cir. 1996), Nichols v. Hopper, 173 F.3d 820 (11th Cir. 1999); Loyd v. Alabama Dept. of Corrections, 176 F.3d 1336 (11th Cir. 1999), AT&T Wireless PCS, Inc. v. City of Atlanta, 210 F.3d 1322 (11th Cir. 2000); Manrique Carreno v. Johnson, 899 F.Supp. 624 (S.D.Fla. 1995); Obrien v. J.I. Kislak Mortg. Corp., 934 F.Supp. 1348 (S.D.Fla. 1996).

WHEREFORE, for the aforestated reasons and in consideration of the facts and legal authority set forth within the Movant's Motion for Relief from Judgment and Memorandum in Support, the Movant, OSCAR FRONTERA, moves this Honorable Court to grant his motion. The Movant's indictment must be dismissed, the judgment of conviction vacated, and relief from judgment granted.

-13-

DATE: This 10th day of July, 2006.

OSCAR FRONTERA, pro se
BOP NO: 52027-019
29 Wolf Pen Path
Dallas, Georgia 30157

# APPENDIX

## NOTE

1. Refusing to take the oath of office and himself delivering such to the court to which his office pertains "before taking office".

2. Also discussing Title 28 U.S.C. § 563 and Title 2 U.S.C. §§ 21, 25.

3. The sentencing court wrongly assuming the federal agent having carried out the law and executing and filing his oath.

4. Of course, not only did the relevant investigating officer initiate a criminal investigation he was not legally authorized to undergo, but was before the Grand Jury testifying as an agent for the U.S. government. If he failed to qualify for his respective position by refusing to execute and file his oath and affidavits, neither did he have actual authority to to participate in the Movant's prosecution.

5. This statute set forth within EXHIBIT A.

6. Congress incorporating the word "shall" in these statutes; "shall" defined as "having a duty to, or more broadly, required to." Black's Law Dictionary, 7th Ed. pg. 1379.

7. The appointment to the office effective upon the executing and filing of the oath of office.

8. See Title 5 U.S.C. § 2906...Custody.

9. Black's Law Dictionary, 7th Ed. pgs. 1253-54, defining "qualification" as: "The posession of qualities or properties inherently or legally necessary to make one eligible for a position or office, or to perform a public duty or function".

10. Here, the appointment valid, but failure to qualify created a legal vacancy in the Office of the U.S. Marshals.

11. A failure to qualify as an agent for the government presents a jurisdictional problem for any criminal proceedings in which this agent might have been involved in.

12. The refusal or willful neglect to execute and file the required affidavits under Title 5 U.S.C. §§ 3332, 3333, also indicates the possibility of this officer's conflict(s) with these statutes.

## OATH OF OFFICE SCENARIO

TITLE 5 U.S.C.A. § 3331    OATH OF OFFICE

An individual, except the President, elected or appointed to an office of honor or profit in the civil service or uniformed services, shall take...oath...this section does not affect other oaths required by law.

(Pub.L. 89-554, Sept. 6, 1966, 80 Stat.424.)

TITLE 5 U.S.C.A. § 3332    OFFICER AFFIDAVIT

An officer, within 30 days after the effective date of his appointment, shall file with the oath of office required by section 3331 of this title an affidavit that neither he nor anyone acting in his behalf has given, transferred, promised, or paid any consideration for or in the expectation or hope or receiving assistance in securing the appointment.

(Pub.L. 89-554, Sept. 6, 1966, 80 Stat.424.)

TITLE 5 U.S.C.A. § 3333    EMPLOYEE AFFIDAVIT

(a) Except as provided by subsection (b) of this section, an individual who accepts office or employment in the Government of the United States or in the government of the District of Columbia shall execute an affidavit within 60 days after accepting the office...The affidavit is prima facie evidence that the acceptance and holding of office or employment by the affiant does not or will not violate section 7311 of this title.

(Pub.L. 89-554, Sept. 6, 1966, 80 Stat. 424.)

TITLE 5 U.S.C.A § 7311    LOYALTY AND STRIKING

An individual may not accept or hold a position in the Government

1

of the United States or the government of the District of Columbia
if he--

> (1) advocates the overthrow of our constitutional form of
>     government;
>
> (2) is a member of an organization that he knows advocates the
>     overthrow of our constitutional form of government;
>
> (3) participates in a strike, or asserts the right to
>     strike...

(Pub.L. 89-554, Sept. 6, 1966, 80 Stat. 424.)

## TITLE 28 U.S.C.A. § 561     UNITED STATES MARSHALS SERVICE

(c) The President shall appoint, by and with the advice and
consent of the Senate, a United States marshal for each judicial
district of the United States...Each United States marshal shall
be an official of the Service and shall serve under the direction
of the Director.

(f) The Director is authorized to appoint and fix the compensa-
tion of such employees as are necessary to carry out the powers
and duties of the Service and may designate such employees as law
enforcement officers in accordance with such policies and proce-
dures as the Director shall establish pursuant to the applicable
provisions of title 5 and regulations issued thereunder.
(Added Pub.L. 100-690, Title VII, § 7608(a)(1), Nov. 18, 1988,
102 Stat. 4512.)

## TITLE 28 U.S.C.A. § 563     OATH OF OFFICE

The Director and each United States marshal and law enforcement
officer of the Service, before taking office, shall take an oath
or affirmation to faithfully execute the duties of that office.
(Added Pub.L. 100-690, Title VII, § 7608(a)(1), Nov. 18, 1988,
102 Stat. 4513.)

2

TITLE 5 U.S.C.A. § 2906    OATH; CUSTODY

The oath of office taken by an individual under section 3331 of this title shall be delivered by him to, and preserved by, the House of Congress, agency, or court to which the office pertains. (Pub.L. 85-554, Sept. 6, 1966, 80 Stat. 412.)

These Statutes above exist as an indication of authority, not as a Limitation. The person is devoid of authority, if that individual is in violation of the applicable statute.

United States v. Pignatiello, 582 F.Supp. 251 (D. Colo. 1984)

United States v. Sklaroff, 552 F2d 1156 (5th Cir. 1977)

United States v. Kleinheider, Case no: 98-CR-264-ERW, E.D. Missouri.

TITLE 5 U.S.C.A. § 2951    REPORTS OF THE OFFICE OF PERSONNEL

## MANAGEMENT

That The appointing authority notify the Office of Personnel Management in writing of the following actions:...appointments and residence of appointee; separation during probation; transfer; resignation; removal.



Received
10 - (41 - 54

U.S. Department of Justice

United States Marshals Service

*Office of General Counsel*

---

*Washington, DC 20530-1000*

OCT 1 2 2004

Oscar Frontera
Reg. No. 52027-019
FCI Loretto, POB 1000
Loretto, PA 15940

### Re: Freedom of Information/Privacy Act Request No. 2004USMS7721
### Subject of Request: Regarding William H. Putman

Dear Mr. Frontera:

Pursuant to your request, the U.S. Marshals Service conducted a search of its records and files in the Human Resources Division, the Investigative Services Division, and the Northern District of Georgia for the requested documents relating to William H. Putman, who was a Special Deputy Marshal in the Northern District of Georgia. The requested documents were apparently destroyed once the special deputation expired, therefore there are no records responsive to your request.

If you are dissatisfied with my action on this request, you may appeal this partial denial by writing to the Co-Director, Office of Information and Privacy, United States Department of Justice, Flag Building, Suite 570, Washington, D.C. 20530, within 60 days of the date of this letter. Both the letter and the envelope should be clearly marked "Freedom of Information/ Privacy Act Appeal." In the event you are dissatisfied with the results of any such appeal, judicial review will thereafter be available to you in the United States District Court for the judicial district in which you reside or have your principal place of business, or in the District of Columbia.

Sincerely,

Margaret Woods

**ARLETA D. CUNNINGHAM**
**Acting FOI/PA Officer**
**Office of General Counsel**

## ATTESTATION

## MOVANTS MOTION FOR RELIEF FROM JUDGMENT
## AND MEMORANDUM IN SUPPORT

UNITED STATES DISTRICT COURT )
                                    )   SS.
NORTHERN DISTRICT OF GEORGIA )

COMES NOW, the Movant, OSCAR FRONTERA, pro se, in the above entitled action, and states under oath and penalties of perjury that the allegations contained in the foregoing motion wherein he is the Movant, and the UNITED STATES OF AMERICA, etc., are joined as Respondents, are the truth according to his best knowledge, information, and belief.

IN WITNESS WHEREOF, he has signed his name hereto this 10th day of July, 2006.

OSCAR FRONTERA, pro se
BOP NO: 52027-019
29 Wolf Pen Path
Dallas, Georgia 30157

## CERTIFICATE OF SERVICE

I, OSCAR FRONTERA, certify that I have mailed an original and copy(s) of the attached motion

by first class mail, postage pre-paid to the following:


UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
District Court Clerk
2211 U.S. Courthouse
75 Spring St., S.W.
Atlanta Georgia 30303


OFFICE OF THE UNITED STATES ATTORNEY
William Traynor, AUSA
600 U.S. Courthouse
75 Spring St., S.W.
Atlanta, Georgia 30303


AND, deposited same in the U.S. Mail to be forwarded on the 11th day of July, 2006.

OSCAR FRONTERA, pro se
BOP NO: 52027-019
29 Wolf Pen Path
Dallas, Georgia 30157